UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RASHEEDA MCCULLOUGH,<br><br>Plaintiff,<br><br>v.<br><br>SIXT RENT A CAR, LLC,<br><br>Defendant. | CIVIL ACTION NO.<br>1:24-CV-01331-JPB |

# ORDER

This matter is before the Court on multiple motions. This Court finds as follows:

# BACKGROUND

Rasheeda McCollough ("Plaintiff") filed this action against Sixt Rent a Car, LLC ("Defendant") on March 27, 2024. [Doc. 1]. In the Complaint, Plaintiff states that she rented a car from Defendant on August 1, 2017. Id. at 6. The next day, on August 2, 2017, Plaintiff asserts that she was involved in an accident while operating the rental car. Id. Plaintiff claims that even though she told Defendant that she had been in an accident, Defendant falsely reported the car as stolen, which resulted in her wrongful arrest and conviction. Id. According to Plaintiff, by falsely claiming that the car had been stolen, she has suffered loss of

employment, financial hardship and damage to her reputation.  Id.  Moreover, Plaintiff alleges that Defendant wrongfully charged her for damages to the vehicle. Id.

Numerous motions are pending before this Court.[1]  The substance of this order addresses the following:  (1) Plaintiff's Motion for Entry of Default and Defendant's corresponding Motion to Set Aside Entry of Default; (2) Defendant's Motion to Dismiss and Plaintiff's competing motions to toll the statute of limitations; and (3) Defendant's Motion to Stay Discovery.

## ANALYSIS

### I. Motion for Entry of Default and Motion to Set Aside Entry of Default

Plaintiff served Defendant on April 1, 2024.  [Doc. 7].  Under the Federal Rules of Civil Procedure, Defendant's answer was due on April 22, 2024.  While Defendant failed to file a response to Plaintiff's Complaint by the deadline, Defendant did file its response just two days after the deadline, on April 24, 2024. [Doc. 5].  As a result of the late filing, Plaintiff filed a Motion for Entry of Default. [Doc. 16].  Defendant opposes Plaintiff's request and moves to set any default

---

[1] Plaintiff has filed twelve motions in total.  Defendant has also filed motions.

aside. [Doc. 8].[2] Defendant asserts that the Court should set aside any default because counsel for Defendant received a copy of the summons and complaint on April 3, 2024, and was under the good faith, but mistaken belief, that Defendant was served on the same day. Id. at 2. Defendant further argues that any default should be set aside because the delay was only two days. Id. at 8.

Federal Rule of Civil Procedure 55(c) provides that a court "may set aside an entry of default for good cause." The good cause standard is "'mutable'" and "'var[ies] from situation to situation.'" Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996) (quoting Coon v. Grenier, 867 F.2d 73, 76 (1st Cir. 1989)). Although the standard is "'a liberal one,'" it is "'not so elastic as to be devoid of substance.'" Id. (quoting Coon, 867 F.2d at 76). To determine whether good cause exists, courts consider "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." Id. Courts may look to other factors, too, such as "whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the

---

[2] Defendant moved to set aside the default even before Plaintiff asked the Court to enter default.

default." Id.  "Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." Id. (quoting Dierschke v. O'Cheskey, 975 F.2d 181, 184 (5th Cir. 1992)).  In sum, "a district court may set aside an entry of default only if the defaulting party can provide a good reason for the district court to do so." Afr. Methodist Episcopal Church, Inc. v. Ward, 185 F.3d 1201, 1202 (11th Cir. 1999).

To the extent necessary, the Court has examined the relevant factors.  For instance, as to whether the default was culpable or willful, Defendant explained that it was under the mistaken belief that Defendant was served on April 3, 2024—not April 1, 2024.  This mistaken belief does not show a willful disregard of the rules.  Cf. Perez v. Wells Fargo N.A., 774 F.3d 1329, 1337 n.7 (11th Cir. 2014) ("[W]here a party demonstrates an intentional or willful disregard of the judicial proceedings, good cause to set aside the default does not exist.").  As such, this factor weighs in favor of setting aside the default.

Another factor asks whether setting aside the default would prejudice the opposing party.  This inquiry is concerned with prejudice resulting from a delay in the proceedings, "'not from having to continue to litigate the case.'" Sherrard v. Macy's Sys. & Tech. Inc., 724 F. App'x 736, 738 (11th Cir. 2018) (quoting Conn.

State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1357 (11th Cir. 2009)). In this case, the delay from when the answer was due to when it was filed was only two days. Given the minimal delay, the Court is not convinced that Plaintiff will suffer any prejudice if the default is set aside. Accordingly, this factor weighs in favor of setting aside the default.

The Court finds that these factors—lack of willfulness, the absence of prejudice and Defendant's prompt corrective action—are sufficient to show good cause. See Sherrard, 724 F. App'x at 739 (finding that the good cause analysis "does not require that each factor be satisfied" and holding that an "inadvertent mistake, prompt action to correct . . . default, and the lack of prejudice [were] sufficient to show good cause").[3] Because good cause exists to set aside the default, Defendant's Motion to Set Aside Default [Doc. 8] is **GRANTED**, and Plaintiff's Motion for Entry of Default [Doc. 16] is **DENIED**.[4]

---

[3] This Court need not address whether Defendant presented a meritorious defense. The good cause analysis does not require that each factor be satisfied. Sherrard, 724 F. App'x at 739.

[4] Plaintiff also filed a Motion to Expedite the Motion for Default Judgment [Doc. 20], Motion to Dismiss due to Inaccuracy in Defendant's Motion [Doc. 9] and a Motion to Dismiss Defendant's Request to Set Aside Default [Doc. 12]. Because the Court has issued a ruling on the request for a default judgment, the Moton to Expedite [Doc. 20] is **DENIED** as moot. The Motion to Dismiss due to Inaccuracy and Motion to Dismiss Defendant's Request to Set Aside Default [Docs. 9 and 12] are also **DENIED**.

## II. Motion to Dismiss & Motions to Toll Statute of Limitations

In this case, the parties agree that Plaintiff's claims are barred by the statute of limitations unless the statute of limitations was tolled. Thus, concurrently with the filing of her Complaint, Plaintiff filed a Motion to Toll Statute of Limitations. [Doc. 2]. She filed another Motion to Toll Statute of Limitations on October 7, 2024. [Doc. 34]. Essentially, Plaintiff asserts that she is under a legal disability due to the traumatic events of the case and asks the Court to toll the limitations period until Plaintiff is no longer under a disability. [Doc. 2, p. 2]. Defendant seeks dismissal of Plaintiff's action. [Doc. 6]. Defendant argues that Plaintiff has not met the minimum standards required to allege mental incapacity.[5]

Under Georgia law, the statute of limitations is tolled for periods when "[i]ndividuals . . . are legally incompetent because of intellectual disability or mental illness." O.C.G.A. § 9-3-90. Ordinarily, tolling applies in "situations where it is not fair to charge a suitor with the running of the clock, because of [her] mental condition." Martin v. Herrington Mill, LP, 730 S.E.2d 164, 166 (2012)

---

[5] In addition to arguing that Plaintiff's allegations are insufficient, Defendant also contends that this Court can consider evidence (like Plaintiff's litigation history) attached to its motion and find that Plaintiff is not entitled to tolling. The Court will not consider this evidence because the Court does not believe that it is proper on a motion to dismiss, even under the incorporation by reference doctrine. The incorporation by reference doctrine is typically used when a party attaches a contract or video to a motion.

(quotation marks omitted).  In determining whether the statute of limitations should be tolled, the Court must decide whether the "one claiming the disability has such unsoundness of mind . . . as to incapacitate one from managing the ordinary business of life."  Meyer v. Gwinnett County, 636 F. App'x 487, 489 (11th Cir. 2016).  Particularly relevant here, on a motion to dismiss, "the standard for *alleging* mental incapacity so as to invoke the tolling provision for mental incapacity . . . is not so onerous."  Id.

In her first request to toll the statute of limitations, Plaintiff asserts that she suffers from "mental health issues resulting from the traumatic events caused by [Defendant's] wrongful actions" and that her "mental health was severely impacted" leading to "financial hardship, job loss, and compromised well-being." [Doc. 2, p. 2].  She also alleges that she is under a legal disability.  Id.  Because alleging mental incapacity for purposes of tolling at the motion to dismiss stage is not onerous, the Court finds that Plaintiff has done enough to meet the standard.  See Clark v. Fye, No. 5:18-cv-71, 2019 WL 1354406, at *4 (M.D. Ga. Mar. 26, 2019) (holding that an allegation that the plaintiff was "suffering from mental incapacity" was sufficient).

To summarize, the Court finds that Plaintiff's allegations are sufficient to survive a motion to dismiss.  Thus, Defendant's Motion to Dismiss [Doc. 6] is

**DENIED**.  Plaintiff's motions requesting that the statute of limitations be tolled [Docs. 2 and 34] are **DENIED** as unnecessary at this stage of the proceedings.[6]  Upon a proper record and later in these proceedings, the Court will decide whether Plaintiff has established her burden to show that she suffered from such unsoundness of mind that she was incapacitated from managing the ordinary business of life.

### III.   Motion to Stay Discovery

Defendant has asked the Court to stay discovery in this matter.  [Doc. 24].  District courts have broad discretion in discovery matters.  Scroggins v. Air Cargo, Inc., 534 F.2d 1124, 1133 (5th Cir. 1976).[7]  Generally, courts should resolve "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion

---

[6] Also pending before the Court is Plaintiff's Motion to Require Filing of Appearance by Defendant's Counsel [Doc. 10], Motion for Speedy Trial due to Financial Hardship [Doc. 11], Motion to Expedite Hearing on Initial Complaint [Doc. 21] and Motion for Reasonable Accommodations for Mental Health [Doc. 26].  Because it does not appear that any error exists in the notice of appearances, the Motion to Require Filing of Appearance by Defendant's Counsel [Doc. 10] is **DENIED**.  The Motion to Expedite Hearing on Initial Complaint [Doc. 21] is **DENIED** as moot.  The other two motions [Docs. 11 and 26] are also **DENIED**.

[7] "[D]ecisions of the United States Court of Appeals for the Fifth Circuit . . . handed down by that court prior to the close of business on [September 30, 1981], shall be binding as precedent in the Eleventh Circuit."  Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

to dismiss based on failure to state a claim for relief . . . before discovery begins." Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997).

Because several motions remain pending, the Motion to Stay [Doc. 24] is **GRANTED**.  **IT IS HEREBY ORDERED** that all pretrial and discovery deadlines are **STAYED** pending resolution of Plaintiff's Motion for Leave to File Amended Complaint [Doc. 29] and Motion for Summary Judgment [Doc. 32].

## CONCLUSION

For the reasons stated above, Defendant's Motion to Set Aside Default [Doc. 8] and Motion to Stay [Doc. 24] are **GRANTED**.  This matter is **STAYED** pending ruling on Plaintiff's Motion for Leave to File Amended Complaint [Doc. 29] and Motion for Summary Judgment [Doc. 32].  All other pending motions [Docs. 2, 6, 9, 10, 11, 12, 16, 20, 21, 26 and 34] are **DENIED**.

**SO ORDERED** this 30th day of October, 2024.

J. P. BOULEE
United States District Judge